IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RANDALL REED                                                    PLAINTIFF

v.                              Civil No. 12-2183

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                  DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Randall Reed, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

## I.    Procedural Background:

The plaintiff filed his applications for DIB and SSI on June 10, 2009, alleging an onset date of January 25, 2008, due to a heart attack, coronary artery disease ("CAD"), peripheral artery disease ("PAD"), hypertension, high cholesterol, bad knees, and mental impairments.  Tr. 100-109, 137, 153-154.  His claims were denied both initially and upon reconsideration.  Tr. 52-61, 68-71.  An administrative hearing was then held on June 29, 2010.  Tr. 29-51.  Plaintiff was present and represented by counsel.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the hearing, Plaintiff was 38 years of age and possessed a sixth grade education.  Tr. 32, 36, 143 .  He had previously worked as an automobile mechanic.  Tr. 34, 138, 145-152.

On December 20, 2010, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's CAD, PAD, hypertension, dysthymic disorder and/or anxiety disorder, antisocial personality disorder, and alcohol abuse did not meet or equal any Appendix 1 listing. Tr. 13-16.  The ALJ determined that Plaintiff maintained the residual functional capacity ("RFC") to

> lift/carry 10 pounds occasionally and less than 10 pounds frequently, sit for six hours and stand/walk for two hours.  The claimant can occasionally climb, balance, crawl, kneel, stoop, and crouch.  He can do work where interpersonal contact is incidental to the work performed and where the complexity of tasks is learned and performed by rote with few variables and little judgment required. The supervision required is simple, direct, and concrete.

Tr. 16.  With the assistance of a vocational expert, the ALJ then found that Plaintiff was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy.  Tr. 21.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on June 15, 2012.  Tr. 1-4.  Subsequently, Plaintiff filed this action.  ECF No. 1.  This case is before the undersigned by consent of the parties.  Both parties have filed appeal briefs, and the case is now ready for decision.  ECF No. 10, 15.

II.   **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).

Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

### A.     The Evaluation Process:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial

3

gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003).  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

## III.   **Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination.  RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004).  "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be

4

supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

Evidence reveals that Plaintiff suffered a heart attack in January 2008. Tr. 238-244, 255-256, 293-295, 310-327, 329, 367-368, 379-387, 409-412. Cardiac catheterization showed occlusion of the left external iliac artery just above the inguinal ligament, occlusion of the aorta below the renal arteries, 80-90% narrowing of the left renal artery, probable 75-80% narrowing of the superior mesenteric artery, and severe circumflex stenosis. Tr. 239-244, 409-412. Left circumflex angioplasty with peripheral revascularization was successfully performed. Plaintiff did well postoperatively, and was released two days later. In February 2008, Plaintiff was treated by cardiologist Dr. Andrew Henry for occasional chest pain (unrelated to activity) lasting 10-20 minutes and pain in his legs with walking. An aortofemoral computed tomographic angiography with run off was performed in March, indicating complete occlusion of the distal abdominal aorta. Tr. 408. Additional testing also revealed 90% stenosis of the accessory left renal artery. Tr. 216-217, 221-22. In May 2008, Plaintiff underwent aortabifemoral bypass and reimplantation of the accessory left renal artery. Tr. 223-237. He was released four days later.

In August 2008, Plaintiff returned to Dr. Henry's office with complaints of daily chest pain and shortness of breath with exertion. Tr. 396-397. His claudication had reportedly improved after surgery, but his left thigh hurt. Dr. Henry noted that Plaintiff's heart appeared strong, despite his heart attack. He then ordered a 2D echocardiogram with color flow doppler, stating that if it revealed a normal ejection fraction rate, Plaintiff would be referred to Dr. Scott Kuykendall.

AO72A
(Rev. 8/82)

In April 2009, Plaintiff's complaints of chest pain returned, with allegations of chest pain at rest. Tr. 394-395. His blood pressure was mildly increased at this time. Dr. Henry increased his dosage of Prevachol and switched him from Enalapril to Lisinopril. However, in May 2009, Plaintiff presented in the ER with chest pain and low blood pressure resulting in a decrease in his Metoprolol. In August, Plaintiff reported that the chest pain continued, even with light activity, and necessitated the use of two to three Nitroglycerine. Tr. 392-393, 451-452. His legs were not hurting when he walked, but he did complain of leg cramps at night. Dr. Henry ordered another coronary catheterization. At this time, his medications included Lisinopril-Hctz, Prevachol, Metoprolol Tartrate, Pepcid, and Aspirin. Catheterization revealed normal left ventricular function, an intact aortobifemoral graft, and severe proximal left anterior descending artery stenosis. Tr. 404-405, 412, 455-456, 459-461.

In January 2010, Plaintiff reported chest pain unrelated to activity two to three times per week for the past month. Tr. 449-450. Dr. Henry noted that Plaintiff had been unable to complete a stress test due to shortness of breath and his legs giving way. He ordered another heart catheterization and increased Plaintiff's dose of beta blockers. However, records indicate that Plaintiff's elevated blood pressure and chest pain continued. In February, he indicated that the chest pain lasted 15-30 minutes, at which time his medications were again increased. Tr. 445-446, 453-454. A heart catheterization revealed mild right coronary artery disease and diffuse left anterior descending in-stent stenosis. Dr. Henry recommended coronary artery bypass surgery. Tr. 447-448, 462-463. He also changed Plaintiff's medication from Lisinopril to Metoprolol. Following an ER visit in April, Plaintiff's blood pressure medications were again increased due to elevated blood pressure readings. And, in January 2011, Plaiintiff was treated

6

in the ER for chest pain and a headache. Tr. 479-483. In October, Plaintiff told mental evaluator Dr. Don Ott that he needed heart surgery, but could not afford it.

Utilizing only the RFC assessment of a non-examining consultant, the ALJ concluded Plaintiff could perform a range of sedentary work. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). The ALJ discredited Plaintiff's subjective complaints, stating that Dr. Henry failed to complete the disability forms submitted to him by the Plaintiff. However, we note that the Plaintiff submitted an RFC assessment completed by Dr. Henry on September 8, 2011, to the Appeals Council. Dr .Henry indicated that Plaintiff could sit for a total of 2 hours per 8-hour workday, would be limited with regard to pushing and pulling with his upper and lower extremities, would require 5 or more work or bathroom breaks during a typical 8-hour workday, must lay in a supine position for a total of 1 hour per day, and could perform work activities for only 2 hours of a normal workday. Tr. 495-496. He indicated that these limitations were due to Plaintiff's disabling angina, but failed to indicate the time period covered by the assessment.

Given Plaintiff's heart impairment, his need for bypass surgery, and the absence of an RFC assessment from a treating doctor dated during the relevant time period, we believe remand is necessary to allow the ALJ to develop the record further with regard to Plaintiff's RFC. *Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984) (if a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record). We do recognize Dr. Henry's 2011 assessment, but believe additional information will be needed before a

AO72A
(Rev. 8/82)

determination can be made as to the relevance of said assessment.  Accordingly, on remand, the ALJ is directed to recontact Dr. Henry and inquire as to the time period covered by his 2011 assessment.  *See Cunningham v. Apfel*, 222 F.3d 496, 502 (8th Cir. 1990) (medical evidence dated after the ALJ's decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision).  If the ALJ is unable to recontact Dr. Henry, or if Dr. Henry refuses to cooperate, then the ALJ should send Plaintiff for a consultative cardiology evaluation complete with an RFC assessment prior to rendering an opinion on remand.  *See Gasaway v. Apfel*, 187 F.3d 840, 842 (8th Cir. 1999); *Freeman v. Apfel*, 208 F.3d 687, 692 (8th Cir. 2000) ("[I]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision.").

## IV.   <u>Conclusion</u>:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 23rdth day of August 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

8